IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **BRADLEY S. ROSE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:20CV00185 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **SOUTHWEST VIRGINIA REGIONAL JAIL AUTHORITY,** | ) ) ) | By:  James P. Jones United States District Judge |
| | ) | |
| Defendant. | ) | |

*Bradley S. Rose, Pro Se Plaintiff.*

Bradley S. Rose, a Virginia jail inmate proceeding pro se, filed this action under 42 U.S.C. § 1983.  He alleges that unnamed jail officials at the Southwest Virginia Regional Jail Authority ("SWVRJA") facility in Haysi, Virginia, failed to protect him against a sexual assault by another inmate, Shannon Lester.  Upon review of the record, I find that the action must be summarily dismissed without prejudice for failure to state a claim.

Rose filed his initial Complaint against the SWVRJA and two jail facilities. The court conditionally filed the case and advised Rose that the two jails were not proper defendants and that he had not stated a viable § 1983 claim against the SWVRJA.  The court granted Rose an opportunity to file an Amended Complaint, naming *persons* as defendants and stating how each defendant knew (before the

assault) that Lester was likely to harm Rose and how each defendant responded to that known risk. Rose's Amended Complaint, however, merely restates the facts alleged in the initial pleading and names only the SWVRJA, without alleging how any SWVRJA policy caused or permitted the alleged sexual assault by Lester. Rose also fails to state what relief he seeks by filing this lawsuit.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a *person* for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). To hold the SWVRJA liable for failing to protect him against the alleged assault by Lester, Rose must state facts showing that SWVRJA policy was "the moving force of the constitutional violation." *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981). Rose has made no such allegation.

Moreover, Rose's allegations in general fail to state a constitutional claim against anyone.

> The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. Prisons house persons with demonstrated proclivities for antisocial criminal, and often violent, conduct, and at the same time strips inmates of virtually every means of self-protection. The government and its officials are not free to let the state of nature take its course, and gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective.

> Prison officials are, therefore, obligated to take reasonable measures to guarantee inmate safety. In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners.
>
> That being said, not every injury suffered by a prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety. Rather, liability attaches only when two requirements are met. First, a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. For a claim based on a failure to prevent harm, the plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm.

*Makdessi v. Fields*, 789 F.3d 126, 132-33 (4th Cir. 2015) (internal quotation marks, citations, and alterations omitted). In this case, Rose must show, objectively, that he has suffered a "significant physical or emotional harm" as a result of the hazardous condition at issue. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). Rose alleges that Lester tried to make him submit to oral and anal sex, tried to pull his pants down, caused him to have an asthma attack, and hurt him in unspecified ways.

The second requirement in the constitutional standard is to show that, subjectively, a prison official *knew* facts indicating a substantial risk of serious harm, recognized the existence and seriousness of that risk, and failed to respond reasonably to alleviate or prevent it. *Makdessi*, 789 F.3d at 133-34. While prison officials are constitutionally "obligated to take reasonable measures to guarantee inmate safety" against attacks from other inmates, they cannot be liable under § 1983 for failing to prevent such an attack through mere inadvertence or negligence. *Id.* at

132. Rose alleges that officers should have been in the area when the inmate attacker assaulted him. Without more, these allegations suggest merely negligent oversight before the assault, which does not support a constitutional claim against anyone. Rose states that after Lester's alleged assault, officers moved Lester out of the cell and provided him access to mental health staff. Rose claims that he still fears another similar assault from Lester, but he does not state facts showing *how* Lester could assault him again, when they are confined in different cells.

For the stated reasons, I can only conclude that despite being given specific instructions on how to amend his Complaint, Rose has not included in his Amended Complaint sufficient facts to support an actionable § 1983 claim against the SWVRJA or anyone else. Accordingly, I will dismiss this civil action with prejudice under 42 U.S.C. § 1997e(c)(1). An appropriate order will enter this day.

Dismissal of the case without prejudice leaves Rose free to refile his claim about the assault by Lester in a new and separate civil rights action if he can correct the deficiencies described in this Opinion. He must also comply with prefiling requirements to exhaust administrative remedies and provide information necessary for him to obtain permission to pay the filing fee through installments from his inmate trust account.

DATED: April 22, 2020

/s/ JAMES P. JONES
United States District Judge